UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS LANDRY #327969            CIVIL ACTION

versus            NO. 06-2781

LYNN COOPER            SECTION: "R" (3)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Thomas Landry, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. According to his federal petition, he pled guilty on July 31, 2002, to possession and attempted possession with intent to distribute heroin and possession of cocaine in violation of Louisiana law and was sentenced to a term of fifteen years imprisonment.[2] He did not file an appeal.[3]

On November 13, 2003, petitioner filed with the state district court an application for post-conviction relief.[4] That application was denied on February 3, 2005.[5] Apparently, he next filed with the Louisiana Fourth Circuit Court of Appeal a related writ application which was denied on

---

[2] Rec. Doc. 1, answers to questions 2-5. Due to complications caused by Hurricane Katrina, the state has been able to produce only a small portion of the state court records relating to petitioner's convictions. Accordingly, for the purposes of this decision, the undersigned has accepted as true the factual allegations contained in the federal petition.

[3] Rec. Doc. 1, answer to question 8.

[4] That filing date was provided by petitioner in the Petition for Writ of Mandamus attached as Exhibit A-2 to his writ application filed with the Louisiana Supreme Court in case number 2004-KH-2439. In that petition, petitioner stated: "On November 13, 2003, petitioner forwarded his application for post-conviction relief, asserting two constitutional grounds for relief and, a motion to compel answer directed to the State or District Attorney who's [sic] the respondant [sic] of this matter." State Rec., Vol. I of I. He also consistently gave that as the date of filing in his other state court filings in the record.

[5] State Rec., Vol. I of I, Judgment on Application for Post-Conviction Relief dated February 3, 2005.

June 1, 2005.[6] He then filed with the Louisiana Supreme Court a writ application[7] which was denied on April 17, 2006.[8]

On April 25, 2006, petitioner filed this federal application for *habeas corpus* relief.[9] In support of his application, he raises the following claims:

1. Petitioner received ineffective assistance of counsel; and
2. Petitioner's plea was unlawfully induced and involuntary.

The state argues that petitioner's federal application is untimely.[10] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his conviction becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[11]

As noted, petitioner pled guilty and was sentenced on July 31, 2002. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), his convictions became final on August 7, 2002, upon the

---

[6] See State Rec., Vol. I of I, filing sheet submitted with the writ application in Louisiana Supreme Court case number 2005-KH-1952.

[7] State Rec., Vol. I of I.

[8] State *ex rel.* Landry v. State, 926 So.2d 503 (La. 2006) (No. 2005-KH-1952); State Rec., Vol. I of I.

[9] Rec. Doc. 1.

[10] Rec. Doc. 12.

[11] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

expiration of his period for seeking direct review under state law.[12]  Accordingly, the period that petitioner had to file his application for federal *habeas corpus* relief commenced on that date and expired one year later, i.e., on August 7, 2003, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  However, the record does not reflect, and petitioner does not allege, that he had any such applications pending before the state courts at any point from August 7, 2002, through August 7, 2003.[13]  Although he later filed a state post-conviction application on November 13, 2003, applications filed after the expiration of the AEDPA's one-year statute of limitations have no bearing on the timeliness of a petitioner's federal application.  See Scott v. Johnson, 227 F.3d

---

[12] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  At the time of petitioner's convictions in 2002, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal his conviction or sentence.  In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays.  La.Rev.Stat.Ann. § 1:55(A).  In 2002, August 3 was a Saturday and August 4 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his convictions became final.

[13] It appears from the state court record that petitioner may have filed applications seeking various transcripts during that period.  However, even if so, that is of no moment.  Applications seeking production of transcripts or other documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence.  Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

Accordingly, because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief had be filed on or before August 7, 2003, in order to be timely. In that his federal application was not filed until April 25, 2006,[14] it is therefore untimely.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Thomas Landry be **DISMISSED WITH PREJUDICE**.

---

[14] Petitioner signed his application on April 25, 2006. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-ninth day of December, 2006.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**